Dear Ms. McNabb:
You requested the opinion of this office concerning the Terrebonne Parish Council's authority to retain a "council attorney". Your specific question is whether the Council can amend the Charter and the Code of Ordinances to provide for the Council's hiring of an attorney outside of the Legal Department, on a full-time basis, to handle all matters involving the Council. Would such amendments constitute a violation of the provisions of R.S. 16:2(D) which refer to a "regular attorney" for the "governing authority"?
La. R.S. 16:2(A) designates district attorneys as the regular attorneys and counsel for the police juries, parish school boards, and city school boards within their respective districts; however, La. R.S. 16:2(D) provides with respect to a home rule charter parish, which would include Terrebonne Parish, as follows:
 "Where a parish has adopted a charter for local self-government or other home rule charter and such charter provides for the employment of a parish attorney or a special attorney or counsel, the district attorney shall not be the regular attorney or counsel for such governing authority.
Notwithstanding the provisions of R.S. 42:261(C) and R.S. 42:263, in a parish which has adopted a charter for local self-government or other home rule charter, if the charter so provides, the parish governing authority may retain or employ any attorney or counsel to represent it generally or retain or employ any special attorney or counsel to represent it in any special matter without the approval of the attorney general." (Emphasis added)
Any local government may draft, adopt, or amend a home rule charter. La. Const. Art. VI, Sec. 5; La. R.S. 33:1395. Local governments operating under a home rule charter have exclusive control over the operation, management, and internal arrangement of the component parts of its local government. Furthermore, La. Const. Art. VI, Sec. 6 prevents the legislature from affecting a home rule charter government's discretion to deploy its power and function unless that discretion is an abridgement of a reasonable exercise of the police power. Lafourche Parish Council v. Austin, 94-0985 (La. 12/9/94); 648 So.2d 343. Terrebonne Parish is governed by a home rule charter, therefore, Terrebonne Parish is authorized to exercise any power and perform any function necessary, requisite, or proper for the management of its local affairs. King v. Caddo Parish Commission, 97-1873 (La. 10/20/98); 719 So.2d 410.
Accordingly, it is the opinion of this office that the Terrebonne Parish Home Rule Charter could be amended to provide for an attorney for the Parish Council to work on a full-time basis.
We call your attention to several opinions of this office finding that a city council could retain counsel to represent it, separate and distinct from the city counsel. See Op.Atty.Gen. No. 83-738, a copy of which is attached, wherein the New Orleans City Council was permitted to hire legal counsel on a continuing basis in those situations where the City Attorney's Office would have an actual or perceived conflict of interest or where the City Attorney's Office did not possess the necessary expertise to handle certain matters.
We refer you also to Op.Atty.Gen. No. 78-1273, where this office found it was permissible for the City Council to hire an attorney separate from the City Attorney to represent the City Council in an intra-governmental controversy. We also direct your attention to Roy v. Humphries, 445 So.2d 130 (La.App. 3d Cir. 1984) wherein the Alexandria City Attorney filed a quo warranto action against special counsel retained by the Alexandria City Council. The court found that the City Council was authorized to retain special counsel both statutorily and under its home rule charter vesting all powers of the City in the Council and mandating that the Council shall provide for the exercise thereof and for the performance of all of the duties and obligations imposed upon the City by law.
Trusting that this adequately responds to your request, we remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: ________________________________ MARTHA S. HESS Assistant Attorney General
RPI/MSH enclosures
OPINION NO. 83-738
September 1, 1983
71-1-B MUNICIPALITIES — HOME RULE CHARTER Section 4-401 et seq — Home Rule Charter of the City of New Orleans The City Council of the City of New Orleans is permitted to hire legal counsel on a continuing basis. Such employment noes not conflict with the duties and responsibilities of the Law Department of the City of New Orleans
Honorable Joseph I. Giarrusso Councilman at Large City of New Orleans City Hall New Orleans, Louisiana 70112
Dear Councilman Giarrusso:
You have requested the opinion of this office as to whether the employment of a special counsel to the Council of the City of New Orleans on a continuing basis and upon the terms and conditions set forth in the proposed contract annexed hereto would be in conflict with the duties and responsibilities of the City Department of Law as set forth in Chapter 4 of the Home Rule Charter of the City of New Orleans. It is generally our policy to defer to the City Attorney's Office in matters involving the interpretation of the City's Home Rule Charter, but as this request involves an interpretation of those provisions relative to the scope of the responsibilities of that office, and the City Attorney has deferred to this office, we herewith render our opinion as to the validity of the proposed contractual relationship described above.
Section 4-401 of the Home Rule Charter of the City of New Orleans sets forth the functions of the Department of Law. It provides that the Department, headed by the City Attorney, shall:
 (1) Direct and supervise the legal affairs of the City.
 (2) Provide legal advice to the Mayor and Council when requested, and when directed by the Mayor, to all officers, departments, and boards concerning any matter affecting the interests of the City.
 (3) Have charge of all legal matters in which the City has an interest, or to which the City is a party, with power and authority, when directed by the Mayor, or the Council to institute and prosecute or to intervene in any and all suits or other proceedings, civil or criminal, as may be deemed necessary for the assertion or protection of the rights and interests of the City.
 (4) Prepare proposed ordinances when requested by the Mayor or any member of the Council.
 (5) Prepare, or approve as to form and legality, all contracts, documents and instruments creating any legal or conventional obligation affecting the City.
 (6) Perform all other duties required by this Charter, the Mayor or the Council and not inconsistent with the functions of this Department.
Although the Department of Law has general responsibility for all legal affairs of the City, the Council is permitted to retain special counsel for itself by two-thirds vote of its entire membership. Home Rule Charter of the City of New Orleans, § 4-403 (2). The Charter does not define the term special counsel but we think that it would cover those situations where the City Attorney's Office would have an actual or perceived conflict of interest or where that office does not possess the necessary expertise to handle certain matters. It should also be noted that Chapter 4 of the Charter places no limitations upon the Council with respect to the duties to be performed by special counsel. We are therefore of the opinion that the Council may, by two-thirds vote of its entire membership, retain special counsel to perform any legal services which are not prohibited by the Charter.
Under the proposed contract, the special counsel is required to do the following:
 (1) Provide legal representation when requested by the Council in litigation which the Department of Law may not appropriately represent the interests of the City Council;
 (2) Attend and monitor All regular and special meetings of the City Council and such committee meetings as a majority of the Council may designate;
 (3) Render advice and opinions to the City Council when requested by the Council or any individual member thereof; and
 (4) Review and critique legal documents submitted to the Council including City Attorney opinions, contracts, ordinances and such other documents when requested by a majority of the Council.
 Proposed Agreement for Professional Services, Article I §§ (a) — (d).
It is our opinion that the services listed above are entirely appropriate and do not conflict with the functions of the City's Law Department.
Although the Law Department shall direct and supervise the legal affairs of the City, it is required to provide legal advice and to prepare proposed ordinances only when requested by the Council or its members. We find no requirement in the Charter that the Law Department be the exclusive source for legal advice to the Council or for the preparation of proposed ordinances. We likewise find no requirement in the Charter that legal documents submitted to the Council be reviewed only by the Law Department.
Canon 5 of the Code of Professional Responsibility promulgated by the Louisiana State Bar Association provides that a lawyer should exercise independent professional judgment on behalf of a client. It would be a violation of Canon 5, and possibly other Canons and ethical considerations, if the Charter would require the Law Department to represent the Council where there would be a real or perceived conflict of interest.
Your attention is also directed to Article IIa of the proposed agreement, which reads as follows:
 II. The City Council Agrees To:
 a. Recognize that the legal affairs of the City are directed and supervised by the Department of Law, headed by the City Attorney, in accordance with Section 4-401 of the City Charter and to that end, legal advice shall be sought from the Department of Law as a primary source. Advice and opinions from Special Counsel shall not be sought on a routine basis.
This provision insures that the Law Department shall not be supplanted by special counsel.
The proposed agreement contemplates that the special counsel will serve on a continuing basis. Such an arrangement, in our opinion, does no violation to the above-referenced provisions of the Home Rule Charter. As stated above, it is within the province of the City Council to determine the necessity of special counsel and the duration of his employment. It is very logical that special counsel serve on a continuing basis for one cannot anticipate when a situation might arise, during Council Meetings for example, where prompt advice is needed and it would be inappropriate for the Law Department to render same. Further, as the legislative power of the City is vested in the Council and the Law Department is an executive branch agency, the retention of special counsel by the City Council is entirely consistent with well established principles relative to the separation of powers within our government. See, Home Rule Charter of the City of New Orleans, § 3-101.
I trust that we have adequately responded to your questions and if we can be of any further assistance to you please do not hesitate to contact me.
Sincerely,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
WJG, Jr./RCD/re
OPINION NUMBER 78-1273
September 29, 1978
71-1-A — Municipalities — City Charter 77 — Officers — Local Municipal
Kenner City Charter
No Prohibition in Kenner Charter against municipal officials hiring special counsel to represent them in intra-governmental controversy
The Honorable Hubert A. Vondenstein City Attorney City of Kenner 1801 Williams Boulevard Kenner, Louisiana 70062
Dear Mr. Vondenstein:
Your letter addressed to the Attorney General has been referred to me for handling.
You request our opinion on the professional responsibility of the Kenner City Attorney when an intragovernmental controversy arises among the Council, the Mayor and the Chief of Police, to all of whom you are charged by the Kenner Charter with rendering legal advice.
As you know, the Louisiana State Bar Association has a standing Committee on Professional Responsibility which has the expertise to handle the kind of inquiry you make. Our office does not handle this kind of inquiry.
On the question of the authority to retain counsel other than the City Attorney, state law does not require that a municipality governed by a home rule charter first obtain permission of the Attorney General before retaining special counsel. See, R.S. 42:261, et seq.
The Kenner Charter would govern such a question.
Our review of the Charter, and of our previous Opinion No. 75-751, reveals no prohibition against the retention of such special counsel. It was our previous opinion that the Chief of Police had the authority to hire special counsel out of his operating funds. Sections 2.30 and 2.31 authorize the Council to retain special legal counsel, at a compensation fixed by them. Section 4.07 authorizes the Mayor to employ personnel, which would appear to include special counsel should the need arise.
All special counsel must be employed pursuant to a Written contract. Sec. 4.1, Kenner Charter.
If we can be of any further assistance to you, please do not hesitate to contact us.
Yours very truly,
 WILLIAM J. GUSTE, JR. Attorney General
 By: __________________________ DONALD ENSENAT Assistant Attorney General
DE:ab